## Olney Trust & Banking Co. v. Vickers et al.

March 11, 1949.

658

Zeb. A. Stewart for appellant.

Claude E. Smith for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On December 6, 1939, W. B. Frost and H. H. Vickers executed and delivered to the Olney Trust & Banking Company of Olney, Illinois, their promissory note for $965.93. W. B. Frost died, and on May 13, 1946, the Olney Trust & Banking Company brought an action in the Daviess Circuit Court against H. H. Vickers and W. B. Frost's executor to recover the amount of the note and interest. A default judgment for $1,342.82 in favor of the plaintiff was entered on June 26, 1946. It appears that the estate of W. B. Frost was insolvent. An execution was issued on March 22, 1947, and was executed by the sheriff on March 29, 1947, by levying on a 1941 Ford automobile as the property of H. H. Vickers and taking same into his possession. On April 3, 1947, Mrs. M. E. Vickers, mother of H. H. Vickers, executed a claimant's bond as provided for in section 645 of the Civil Code of Practice. The automobile was apraised for $597 and the bond was for $1,194, or double the appraised value. On April 18, 1947, Mrs. M. E. Vickers, after notice to the plaintiff in the execution, moved the court to discharge the bond executed by her on April 3 and to release the levy of the execution upon the automobile. The plaintiff filed written objections, and on its motion the hearing was continued to May 20, 1947. On that day plaintiff filed a motion for judgment on the bond pursuant to section 648 of the Civil Code. It also moved the court to consolidate for trial the motion of Mrs. M. E. Vickers to discharge her bond and to release the levy of execution on the automobile in question with the motion of plaintiff for judgment on the claimant's bond executed by Mrs. Vickers, and to direct a jury to be impaneled as provided for in section 648 of the Civil Code.

The Court overruled the motion, and proceeded with the hearing on Mrs. Vickers' motion after ruling that the burden of proof was on her. At the conclusion of all the evidence the court sustained Mrs. Vickers' motion to discharge the bond theretofore executed by her and to release the levy upon the automobile in question. The Olney Trust & Banking Company has appealed.

The proof shows that the automobile on which the execution was levied was purchased by Mrs. M. E. Vickers on July 19, 1941, at Douglas, Georgia, where she resides, and that it was licensed in her name annually thereafter in Coffee County, Georgia. The automobile was listed for taxation in her name and she paid the state, county and school district taxes on it in Georgia. She permitted her son, H. H. Vickers, to use it part of the time, and it had been in his possession in Kentucky for several months prior to the levy of the execution, but the only proof on the question is that his mother had loaned it to him. He had not purchased it and his mother had not given it to him. It bore a Georgia license plate at the time of the levy. Appellant introduced as witnesses the sheriff of Daviess County, Carl B. Harrison, and his deputy, Henry Bell, both of whom testified that H. H. Vickers informed them at the time of the levy that the automobile did not belong to him but was owned by his mother.

Appellant's main contention is that the trial court erred in refusing to impanel a jury. Subsection 2 of section 650 of the Civil Code of Practice provides that the obligor in a claimant's bond may move the court to discharge the bond and release the levy under the execution, and that the provisions of sections 648 and 649 shall, so far as applicable, govern the proceedings upon such motion. Section 648 provides that the party to whom the bond is executed may move the court for a judgment thereon against all or any of the obligors or their representatives, having given to them ten days' notice of the motion. It further provides that the court shall direct a jury to be impaneled, and may cause such issues to be tried as it may prescribe, and direct which party shall be considered plaintiff in the isues. Section 649 provides that upon the trial of the motion either party may object that the property was not fairly appraised, and thereupon the jury trying the facts shall hear evidence

660

respecting, and find, the value of the property. Here, no question as to the appraisement was raised. Conceding for present purposes that the court erred in refusing to impanel a jury, the error was not prejudicial, since there was no evidence that the automobile upon which the levy had been made belonged to the judgment debtor. All of the evidence was to the effect that the appellee, Mrs. M. E. Vickers, was the owner, and a directed verdict for her would have been required if a jury had tried the issue.

Appellant also complains because the court permitted to be read the affidavit of the claimant, Mrs. M. E. Vickers. Appellee insists that this was permissible under section 547 of the Civil Code, which provides that an affidavit may be read upon a motion. Be that as it may, there was no prejudicial error since the affidavit added nothing to the oral testimony heard by the court.

The judgment is affirmed.